IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELOISA RAY, | § § | Case No.: 2:17-cv-86 |
| Plaintiff, | § § | JURY DEMANDED |
| v. | § § | |
| FCA US LLC d/b/a CHRYSLER; and LOVE CHRYSLER, DODGE, JEEP, L.L.C., | § § § § § | [Removed from the 229th Judicial District Court of Duval County, Texas] |
| Defendants. | § | |

## DEFENDANT FCA US LLC'S NOTICE OF REMOVAL

Defendant FCA US LLC ("FCA US") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the 229th Judicial District Court of Duval County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of this removal, FCA US respectfully shows the Court the following:

### I. BRIEF FACTUAL AND PROCEDURAL BACKGROUND

This is an automotive product liability lawsuit arising from a single-vehicle incident involving a 2014 Dodge Ram 1500, which occurred on October 20, 2016, in Duval County, Texas. Plaintiff Eloisa Ray was driving the subject vehicle and pulled into her driveway. She alleges that she put the vehicle in Park and then exited the vehicle, after which the vehicle's transmission shifted from Park into Drive and rolled over her. *See* Ex. B (Pl.'s 1st Orig. Pet.) ¶ 4.1.

Plaintiff filed this lawsuit in the 229th Judicial District Court of Duval County, Texas against Defendants FCA US and Love Chrysler, Dodge, Jeep, L.L.C. ("Love Chrysler"). Love Chrysler is the dealer that originally sold the subject 2014 Dodge Ram 1500 to Plaintiff. Plaintiff asserts the 2014 Dodge Ram 1500 was defective and unreasonably dangerous because its electronic transmission shifter allegedly permitted Plaintiff's vehicle to shift from Park to Drive without driver input. *See id.* ¶¶ 4.1–4.10.

Against FCA US, Plaintiff asserts claims for strict product liability and negligence. *See id.* ¶¶ 5.1–5.12. Against Love Chrysler, Plaintiff asserts a claim for negligence, alleging the dealer knew there was a defect in the subject vehicle's electronic transmission shifter. Plaintiff seeks to recover personal injury damages. *See id.* ¶ 8.1. Both Defendants have appeared and answered, denying Plaintiff's allegations. *See* Ex. E (Love Chrysler's Orig. Answer); Ex. F (FCA US's Orig. Answer).

## II.  TIMELINESS OF REMOVAL

Plaintiff served FCA US with a copy of Plaintiff's First Original Petition on February 1, 2017. *See* Ex. C. Pursuant to 28 U.S.C. § 1446(b)(1), FCA US timely files this Notice of Removal within thirty (30) days after service and receipt of Plaintiff's First Original Petition.

## III.  GROUNDS FOR REMOVAL

This removal is proper because the Court has subject matter jurisdiction based on complete diversity of citizenship under 28 U.S.C. § 1332(a). Complete diversity of citizenship between the properly joined parties existed at the time the underlying action was filed in state court (January 28, 2017) and at the time of this removal (March 3,

2017). Love Chrysler is not a proper defendant in this lawsuit and thus should be disregarded for purposes of diversity jurisdiction.

A.  **Amount in Controversy**

The Fifth Circuit determines whether the amount in controversy requirement is satisfied by asking whether it is "facially apparent" from a plaintiff's petition that the claims exceed the sum or value of $75,000. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). Plaintiff has expressly pleaded she seeks damages "in excess of $1,000,000.00." *See* Ex. B ¶ 8.1. Thus, Plaintiff's claims exceed the sum or value of $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

B.  **Complete Diversity of Citizenship between Properly Joined Parties**

1.  **The Properly Joined Parties**

There is complete diversity of citizenship between all properly joined parties to this lawsuit. On information and belief, Plaintiff Eloisa Ray is domiciled in Texas and is a citizen of Texas. *See* Ex. B ¶ 2.1.

FCA US is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA US has one member, FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in New York and whose sole member is Fiat Chrysler Automobiles, N.V., a publically traded corporation organized and existing under the laws of The Netherlands with its principal place of business in London. FCA US is therefore a citizen of the Netherlands and the United Kingdom for purposes of federal diversity jurisdiction. *See Harvey v.*

*Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC "is determined by the citizenship of all of its members").

Given the complete diversity of citizenship between these properly joined parties, this Court has jurisdiction under 28 U.S.C. § 1332(a). Because no properly joined Defendant is a citizen of Texas, removal is proper under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a), (b)(2).

### 2. The Improperly Joined Party

FCA US is entitled to remove this case to federal court because Plaintiff has improperly joined Love Chrysler as a non-diverse Defendant. A party may establish improper joinder in one of two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The second test for establishing improper joinder is at issue here. Under that test, a party is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* It is not sufficient for a plaintiff to show there is a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). Plaintiff's joinder of Love Chrysler is improper because Plaintiff has failed to establish a cause of action against that non-diverse Defendant under Texas law.

As a non-manufacturing seller, Love Chrysler is statutorily exempt from liability to Plaintiff under Section 82.003 of the Texas Civil Practice & Remedies Code. That

statute expressly provides: "A seller that did not manufacture a product is not liable for harm caused to the claimant by that product," unless the claimant proves that one of the seven exceptions listed in section 82.003(a) applies in a particular case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a) (West 2011); *see also State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 3985128, at *2 (S.D. Tex. Sept. 11, 2012) ("Texas federal district courts have held that any theory of recovery pleaded against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a), even if the allegations would otherwise state a valid claim under Texas law.").

Love Chrysler is a "seller" within the meaning of section 82.003(a), as it was "engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.001(3). Thus, Love Chrysler is statutorily exempt from liability for any alleged defects in the subject 2014 Dodge Ram 1500.

The only statutory exception invoked by Plaintiff is the "actual knowledge" exception in Section 82.003(a)(6). *See* Ex. B ¶¶ 6.4–6.5. Under that exception, a non-manufacturing seller may be liable if it "actually knew of a defect to the product at the time the seller supplied the product," and "the claimant's harm resulted from the defect." *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(6). Here, FCA US can readily demonstrate there is no factual or evidentiary basis for this conclusory and wholly unfounded allegation. Love Chrysler could not have known about any alleged defect

with the electronic transmission shifter in the 2014 Dodge Ram 1500 at the time it sold Plaintiff's vehicle to her.

As a non-manufacturing seller, Love Chrysler is not liable to Plaintiff as a matter of law. Accordingly, Plaintiff has no reasonable basis of recovery against Love Chrysler. Therefore, Love Chrysler is an improperly joined Defendant, and there is complete diversity of citizenship between all properly joined parties.

### IV. CONSENT

Where removal is based on the alleged improper joinder of a co-defendant, the consent of that co-defendant to removal is not required. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *see* 28 U.S.C. § 1446(b)(2)(A). Thus, it is not necessary for Love Chrysler to consent to this removal. Nevertheless, Love Chrysler has in fact consented to this removal. *See* Ex. G.

### V. VENUE

Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 229th Judicial District Court of Duval County, Texas, is geographically located within the Corpus Christi Division of the United States District Court for the Southern District of Texas.

### VI. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Copies of all process, pleadings, orders, and other filings in the state-court suit are attached to this Notice, pursuant to 28 U.S.C. § 1446(a). Those documents include the

following and are summarized in **Exhibit A** (Index of State Court Filings and Other Exhibits):[1]

 a. Plaintiff's First Original Petition, Jury Demand, and Requests for Initial Disclosures, filed January 28, 2017 (attached as **Exhibit B**);

 b. Civil Citation Issued to FCA US LLC, served on its registered agent CT Corporation System on February 1, 2017 (attached as **Exhibit C**);

 c. Civil Citation Issued to Love Chrysler, Dodge, Jeep, L.L.C., served on its registered agent on or about January 30, 2017 (attached as **Exhibit D**);

 d. Defendant Love Chrysler, Dodge, Jeep, L.L.C.'s Original Answer, filed February 21, 2017 (attached as **Exhibit E**); and

 e. Defendant FCA US LLC's Original Answer to Plaintiff's First Original Petition, filed February 24, 2017 (attached as **Exhibit F**).

The written consent of Defendant Love Chrysler to this removal is attached as **Exhibit G**.

Pursuant to Local Rule 81, a copy of the state court docket sheet is attached as **Exhibit H**.

Pursuant to Local Rule 81, a list of all counsel of record is attached as **Exhibit I**.

FCA US will promptly file a notice of this removal with the clerk of the state court where the suit has been pending. A copy of that notice is attached as **Exhibit J**.

With this Notice, FCA US is also filing a Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1.

In the event this Court subsequently identifies a defect in this Notice of Removal, FCA US respectfully requests this Court to grant FCA US leave to amend this Notice to

---

[1] The state judge has not signed any orders in the state-court suit.

cure the defect. *See, e.g.*, *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining that "defendants may freely amend the notice of removal required by section 1446(b)").

By filing this Notice of Removal, FCA US does not waive any legal defenses or objections to Plaintiff's First Original Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VII. JURY DEMAND

FCA US made a jury demand in accordance with state law in the state court proceeding and has therefore preserved its right to a jury trial. *See* Fed. R. Civ. P. 81(c)(3)(A). FCA US is also filing a jury demand in this Court.

## VIII. CONCLUSION

In conclusion, FCA US represents that it has properly complied with the removal statutes set forth above, and this case thus stands removed from the 229th Judicial District Court of Duval County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

By:     */s/ G. Robert Sonnier*
    G. Robert Sonnier
    *Attorney-in-charge*
    Texas Bar No. 18847400
    S.D. Tex. Bar No. 20069
    Benjamin S. Walton
    *Of Counsel*
    Texas Bar No. 24075241
    S.D. Tex. Bar No. 2338094
    Danielle A. Gilbert
    *Of Counsel*
    Texas Bar No. 24092421
    S.D. Tex. Bar No. 2859087

GERMER BEAMAN & BROWN PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone: (512) 472-0288
Fax: (512) 472-0721
rsonnier@germer-austin.com
bwalton@germer-austin.com
dgilbert@germer-austin.com

**COUNSEL FOR DEFENDANT FCA US LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record. I hereby certify that I have also served the following counsel of record via First Class Mail.

Kevin W. Liles
Stuart R. White
Alexander J. Tiffany
LILES WHITE PLLC
500 N. Water St., Suite 800
Corpus Christi, Texas 78401-0232
(361) 826-0100 – Phone
(361) 826-0101 – Fax
kevin@lileswhite.com
swhite@lileswhite.com
atiffany@lileswhite.com

**COUNSEL FOR PLAINTIFF**


Daniel J. Davis
DANIEL J DAVIS LAW, PLLC
P.O. Box 331487
Corpus Christi, Texas 78463
(361) 232-4401 – Phone
dan@danieljdavislaw.com

**COUNSEL FOR DEFENDANT**
**LOVE CHRYSLER, DODGE, JEEP, L.L.C.**


                                    */s/ G. Robert Sonnier*
                                     G. Robert Sonnier