United States District Court
Southern District of Texas

**ENTERED**

July 18, 2017

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELOISA  RAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-86 |
| | § | |
| FCA US LLC; dba CHRYSLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on July 18, 2017, the Court **GRANTED** Defendant FCA USA L.L.C.'s Motion for Leave to File Sur-Reply, Dkt. No. 12; and **GRANTED** Plaintiff's Opposed Motion to Remand, Dkt. No. 7.

### I. Background

This is an automotive products liability action brought by Plaintiff Eloise Ray ("Ray") against Defendants FCA USA, L.L.C. d/b/a/ Chrysler ("FCA US") and Love Chrysler, Dodge, Jeep, L.L.C. ("Love Chrysler"). On January 28, 2017, Ray filed an original petition in the 229th District Court of Duval County, Texas, alleging claims of negligence and strict products liability against FCA US, and negligence, negligent misrepresentation, and strict products liability against Love Chrysler. Dkt. No. 1-2, Ex. B [hereinafter "Pl.'s Orig. Compl."] ¶¶ 5.1-5.4, 5.11, 5.12, 6.1. FCA US was the manufacturer of a 2014 Dodge Ram 1500 purchased by Ray on July 7, 2014 and Love Chrysler was its non-manufacturing seller. *Id.* ¶¶ 4.2, 4.3; Dkt. No. 9 at 9.

Ray's original petition states that on or around October 20, 2016 her 2014 Dodge Ram 1500 rolled over her while she was unloading the car in her driveway. Pl.'s Orig. Compl. ¶ 4.1. Ray alleges that the rollover occurred when the vehicle's electronic transmission shifter disengaged from park into forward gear without driver input. *Id.* She seeks general and special compensatory damages in excess of one million dollars. *Id.* ¶ 8.1. Love Chrysler filed an answer to Ray's complaint on

February 21, 2017. Dkt. No. 1-2, Ex. E. FCA US filed an answer to Ray's complaint on February 24, 2017. No. 1-2, Ex. F. On March 3, 2017, Defendant FCA US timely filed a notice of removal in this court pursuant to 28 U.S.C. §§ 1441 and 1446, citing 28 U.S.C. 1332 as the basis for this Court's subject matter jurisdiction over Ray's claims. Dkt. No. 1 at 1. Both FCA US and Love Chrysler consented to removal.[1] Dkt. No. 1 at 6.

FCA US is a foreign defendant. Dkt. No. 1 at 3. Ray is a resident of Duval County, Texas, and her alleged injury occurred at home. Pl.'s Orig. Compl. ¶¶ 2.1, 3.1. Love Chrysler, like Ray, is a resident of Texas. Dkt. No. 7 at 7. FCA US, however, asks the Court to disregard Love Chrysler's citizenship for the purposes of diversity jurisdiction, on the basis that Love Chrysler was improperly joined in this action to defeat diversity jurisdiction. Dkt. No. 1 at 3; Dkt. No. 8 at 1. On April 3, 2017, Ray filed an opposed motion to remand, alleging that Love Chrysler is an improperly joined party, whose presence in this action defeats complete diversity and strips this Court of jurisdiction. Dkt. No. 7. On April 21, 2017, FCA US filed a response to Ray's motion to remand. Dkt. No. 8. Ray replied to this response on April 26, 2017. Dkt. No. 9. On May 3, 2017, FCA US filed a sur-reply to Ray's motion for remand along with a motion for leave to file a sur-reply.[2] Dkt. Nos. 12, 12-1.

## II.  Legal Standard

### a.  Subject Matter Jurisdiction

The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The federal diversity statute

---

[1] If Love Chrysler is improperly joined, its consent is legally irrelevant. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

[2] According to this Court's Local Rules, "once a motion, response, and reply are filed, the Court will not entertain any additional or supplemental filings unless they are accompanied by a motion for leave to file explaining why the additional filing is necessary in the interests of justice." L.R. 5.E. FCA US has complied with this local rule by filing an opposed motion for leave to file a sur-reply to Ray's motion for remand. Dkt. No. 12 at 1. In this motion, FCA US states a sur-reply is necessary because Ray brought forth new arguments and additional evidence in her reply. Dkt. No. 12 at 1. Without opining here on the merits of FCA US' sur-reply, the Court therefore finds that the interests of justice are served by, and little prejudice to Plaintiff Ray will result from, granting FCA US' opposed motion to file this sur-reply.

provides the federal district courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). This statute requires "complete diversity," meaning that the statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

Federal district courts also have removal jurisdiction over civil actions that could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008). The federal removal statute provides that a suit may be removed from state court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 28 U.S.C. 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *Moreno Energy, Inc. v. Marathon Oil Co.,* 884 F. Supp. 2d 577, 588 (S.D. Tex. 2012) (noting that an improperly joined defendant's citizenship is disregarded for the purposes of diversity jurisdiction).

Critically, "because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365-66 (5th Cir.1995) (citing *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 809 (1986)). Accordingly, the removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007).

### b. Improper Joinder Standard

The burden of proving that complete diversity exists rests upon the party seeking to invoke the court's diversity jurisdiction. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Accordingly, a removing defendant has the "heavy burden" of establishing that removal was proper. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). There are two

ways to establish improper joinder:[3] (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of a plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted). Here, FCA US relies only on the second test, under which the court evaluates "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (5th Cir. 2004). For remand to be granted, a plaintiff should have more than a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) (emphasis removed).

Ordinarily, a plaintiff can show a reasonable basis of recovery if he can survive a 12(b)(6) motion to dismiss for failure to state a claim. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citations omitted). This means a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The facts alleged "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

When assessing whether a plaintiff seeking remand has satisfied the 12(b)(6) standard in stating a cause of action against an in-state defendant, a court considers the allegations in the complaint available at the time of removal.

---

[3] The Fifth Circuit uses the term "improper joinder" instead of "fraudulent joinder" when referring to the joinder of a defendant to defeat diversity jurisdiction. *See Smallwood*, 385 F.3d at 571 n.1 (noting "improper joinder" is equivalent to "fraudulent joinder" in the context of removal jurisdiction.)

*Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citation omitted); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.") Because the purpose of improper joinder inquiry is to determine a procedural matter, the focus of this inquiry must be on the joinder, not on the merits of the plaintiff's case. *Smallwood*, 385 F.3d at 573 (5th Cir. 2004). The Court does not consider "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only the "possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In some cases, a complaint can meet the 12(b)(6) standard, but "misstat[e] or omi[t] discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, "hopefully few in number," a court may "pierce the pleadings" and conduct a summary inquiry. *Id*. In this inquiry, a court may consider additional, summary-judgment type evidence, such as affidavits and deposition testimony, to determine whether the plaintiff "truly has a reasonable possibility of recovery in state court."[4] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citation omitted); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

As a summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," courts should keep summary inquiry on a "tight judicial tether;" "discovery by the parties should be sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood*, 385 F.3d at 574. In keeping with the nature of improper joinder analysis, summary inquiry should be "a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Id*. Any contested issues of fact or ambiguous questions of state law involved in the inquiry must be resolved in favor of remand. *African*

---

[4] During summary inquiry, however, post-removal filings "may not be considered to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs,* 181 F.3d at 700 (citation omitted).

*Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (citations omitted). If it is uncertain whether Ray "will be able to prove [her] allegations" of Love Chrysler's actual knowledge "to the satisfaction of the trier of fact," then remand will be appropriate. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 410 (5th Cir. 2004).

### III.   Analysis

FCA US alleges that removal of this case to this Court was proper because Ray has failed to state a claim against Love Chrysler on which she has a possibility of prevailing under Texas law. *See* Dkt. No. 1. Ray's original petition, her operative pleading, alleges that Love Chrysler was negligent in selling the 2014 Dodge Ram 1500 to Ray on the basis that Love Chrysler had actual knowledge of a defective condition in the vehicle's electronic transmission shifter. Pl.'s Orig. Compl. ¶¶ 4.5, 4.6. Ray brings this claim under Chapter 82 of the Texas Civil Practice and Remedies Code, which governs products liability actions.

### a.   Seller Liability under Texas Civil Practice and Remedies Code § 82.003(a)

#### i.   Texas Civil Practice and Remedies Code Chapter 82

In general, Chapter 82 allows actions "against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." TEX. CIV. PRAC. & REM. CODE § 82.001(2). Since its enactment in 2003, § 82.003 has limited products liability actions against non-manufacturing sellers like Love Chrysler.[5] *See Garcia v. Nissan Motor Co.*, 2006 WL 869944 (S.D. Tex. Mar. 30, 2006). As the Texas Supreme Court has explained, this limitation was enacted by the Texas to

---

[5] No party disputes that Love Chrysler is a seller under Chapter 82, which defines a "seller" as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. & REM. CODE § 82.001(3).

protect "innocent sellers" from the costs of products liability litigation they are "drawn into. . . solely because of the vicarious nature of that liability[.]"[6] *General Motors Corp. v. Hudiburg Chevrolet, Inc.,* 199 S.W.3d 249, 262 (Tex. 2006). Accordingly, § 82.003 generally excludes sellers like Love Chrysler for harm caused by the products they sell, unless one of seven statutory exceptions applies. TEX. CIV. PRAC. & REM. CODE § 82.003(a). The only exception at issue in this case is the "actual knowledge" exception set out in § 82.003(a)(6), which provides that:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
> …
> (6) that:
> (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
> (B) the claimant's harm resulted from the defect[.]
>
> TEX. CIV. PRAC. & REM. CODE § 82.003.

This case thus turns on whether there is a reasonable basis to find that Love Chrysler had actual knowledge of the defect Ray alleges at the time it sold Ray her 2014 Dodge Ram 1500.

## ii.  Actual Knowledge Exception under § 82.003(a)(6)

Judicial application of Chapter 82's actual knowledge exception is "scant and largely confined to federal district courts applying it in improper joinder cases" such as this one. *Garcia v. Ford Motor Co.*, 2013 WL 12137090, at *3 (S.D. Tex. May 10, 2013); *see also Rubin v. Daimlerchrysler Corp*, 2005 WL 1214605, at *6-7 (S.D. Tex. May 20, 2005); *Reynolds v. Ford Motor Co.*, 2004 WL 2870079, at *3-4 (N.D. Tex. Dec. 13, 2004). As construed by federal district courts, §82.003(a)(6)'s "actual knowledge" requirement means just what it says, and cannot be satisfied with a showing of negligent oversight, constructive knowledge, or similar allegations that a seller could or "should have known of a defect in a product." *Garcia v. Ford Motor Co.*, 2013 WL 12137090, at *3 (S.D. Tex. May 10, 2013) (citations omitted);

---

[6] Primary liability is effectively placed on the manufacturer based on the reasoning that manufacturers are usually in a better position to recognize and remedy product defects. *See Graco, Inc. v. CRC, Inc. of Texas,* 47 S.W.3d 742, 745 (Tex.App. 2001).

*Benavides v. Chrysler Group LLC.*, 2014 WL 5507716, at *4 (S.D. Tex. Oct. 9, 2014). *See also Mix v. Target Corp.*, 759 F.Supp.2d 876, 879 (S.D. Tex. 2010) ("It is particularly instructive that, in drafting Chapter 82, the Texas Legislature "used 'knew,' not 'should have known'" of a defect.") (citation omitted). Additionally, "the defendant's actual knowledge must relate to the defect itself." *Blythe v. Bumbo Int'l Trust*, 2013 WL 6190284, at *5 (S.D. Tex. Nov. 26, 2013) (citing *Mix*, 759 F.Supp.2d. at 880).

In cases litigated under § 82.003(a)(6), a plaintiff may establish a seller's actual knowledge with evidence including, e.g., recall notices about a defect, customer complaints relating to the defect, safety testing reports, and internal communications showing a seller's employees knew of a problem at the time of sale. *See Rubin v. Daimlerchrysler Corp.*, 2015 WL 1214605, at 6-7 (S.D. Tex. May 20, 2005); *Blythe*, 2013 WL 6190284 at *6; *Gonzalez v. Reed-Joseph Int'l*, 2013 WL 1578475, at *11-12 (S.D. Tex. Apr. 11, 2013). Yet courts addressing § 82.003(a)(6) on summary judgment have not offered uniform or precise guidance on the showing required to prove actual knowledge. *Compare Mix*, 759 F.Supp.2d. at 880-81 (finding that evidence of other product liability lawsuits and one or two previous customer complaints was insufficient to make out a factual issue about actual knowledge) with *Blythe*, 2013 WL 6190284 at *6–7 (holding plaintiff's evidence of customer complaints about similar accidents and injuries, previous lawsuits, and international safety agency finding was sufficient to create a factual issue about actual knowledge).

### b. Ray's Complaint

In her operative pleading, Ray alleges negligence, negligent misrepresentation, and strict products liability claims against Love Chrysler. Pl.'s Orig. Compl. ¶ 6.1. Texas Civil Practice and Remedies Code § 82.003 applies to all of Ray's enumerated claims, because negligence, misrepresentation, and strict products liability are all products liability claims governed by Chapter 82. TEX. CIV. PRAC. & REM. CODE § 82.003(2). Typically, if a plaintiff's pleadings against a defendant would survive a 12(b)(6) motion to dismiss, this defendant has not been

improperly joined.[7] *Smallwood*, 385 F.3d at 573. Thus, Ray must sufficiently plead that one of Chapter 82's exceptions to seller immunity applies in order to state a claim against Love Chrysler.

Ray's primary claim alleges that "on or around October 20, 2016. . . [her] 2014 Dodge Ram 1500 rolled over her in forward gear after the electronic transmission shifter disengaged from the parking position on its own as Plaintiff was unloading items from her vehicle." Pl.'s Orig. Compl. ¶ 4.1. As to Love Chrysler's alleged liability for this injury, Ray pleads Chapter 82's actual knowledge exception in her complaint in two separate sections: first, where she states the factual bases for her allegations, and second, where she details her cause of action against Love Chrysler for negligence. Specifically, in the "Cause of Action" section of her complaint, Ray invokes § 82.003(6) and alleges that "[Love Chrysler] and its employees had direct, personal knowledge that there was a defect in the electronic transmission shifter in the subject vehicle, and [her] harm resulted from the defect." *Id.* ¶¶ 6.4, 6.5. In the "Background" section of her complaint, Ray alleges that Love Chrysler had actual knowledge of the defect that caused her injury "through recall notices and deal[er] information provided to it by [Love Chrysler]." Pl.'s Orig. Compl. ¶¶ 4.6, 4.7. She also alleges that Love Chrysler had actual knowledge "by and through its employees." *Id.* ¶ 4.5. Her complaint further cites to the existence of: (i) a nationwide recall of the relevant Dodge Ram model, and (ii) a National Highway Transportation Safety Administration (NHTSA) investigation into related Chrysler vehicles. *Id.* ¶¶ 4.8, 4.9.[8]

---

[7] In improper joinder cases, federal district courts assess the sufficiency of complaints under the federal pleading standards, not, as Ray asserts, under state pleading standards. Dkt. No. 7 at 5; *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 202-204 (5th Cir. 2016).

[8] In full, the "Background" section of Ray's complaint concerning Love Chrysler reads:
> 4.3 The subject 2014 Dodge Ram 1500 was sold, marketed, warranted and expressly represented by LOVE CHRYSLER.
> 4.4 The subject 2014 Dodge Ram 1500 was equipped with a defective electronic transmission shifter designed by CHRYSLER.
> 4.5 Furthermore, LOVE CHRYSLER, by and through its employees, had actual knowledge of the defective condition of the 2014 Dodge Ram 1500 at the time it was sold. Specifically, LOVE CHRYSLER had knowledge of the defectively designed and manufactured electronic transmission shifter.

As federal courts "construe pleadings in their entirety when assessing their sufficiency" under the 12(b)(6) standard, the Court reads Ray's section on her causes of action together with the factual bases alleged in the background section of her complaint. *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 340 (5th Cir. 2016) (citations omitted). In so doing, while reading Ray's complaint in the light most favorable to her, the Court finds that Ray has pled a negligence cause of action sufficient to show a possible basis of recovery against Love Chrysler under Texas law.

In its notice of removal, FCA US contends that Ray has not sufficiently pled a Texas products liability claim against Love Chrysler on the basis that no evidence could show that Love Chrysler had actual knowledge of a defect in Ray's 2014 Dodge Ram 1500 at the time of its sale. Dkt. No. 1 at 5. Specifically, in its response to Ray's motion to remand, FCA US argues that Ray's claim fails under § 82.003 because "there has never been a recall applicable or relating to" the component of her 2014 Dodge Ram 1500 she alleges was defective—and posits that if such a recall existed, Ray would have attached related evidence to her motion. Dkt. No. 8 at 8. FCA US also argues that the NHTSA investigation Ray refers to in her complaint is not relevant to this case, as it was initiated on December 16, 2016, more than two years after Ray purchased her 2014 Dodge Ram 1500 from Love Chrysler on July 7, 2014. *Id.* at 8-9. In support of its assertions FCA US offers a news article on the NHTSA recall dated December 20, 2016, and three affidavits, from: (i) the company's President, Marion Brem, (ii) Mac McCarley, the company's Service

4.6 LOVE CHRYSLER had knowledge about the Dodge Ram gear shifter defect through recall notices and deal information provide to it by CHRYSLER.

4.7 This defect caused Eloisa Ray's injuries.

4.8 Dodge Rams of the year model of the subject Dodge Ram were subject of a nationwide recall of Dodge Rams.

4.9 In addition, the National Highway Transportation Safety Administration has expanded its defect investigation into various other Chrysler model vehicles –

WASHINGTON – The National Highway Transportation Safety Administration (NHTSA) has launched a "preliminary evaluation: of approximately 1 million Ram pickups and Dodge Durango SUVs following 43 complaints alleging roll-aways when the vehicles are in the parked position.

4.10 Reports indicate that the unintended motion occurred after the driver moved the transmission gear selector to park and exited the vehicle.

Manager, and (iii) Michael Royek, a Product Specialist in FCA US's Product Analysis Department. Dkt. No. 8-1, Exs. A-D.

In her affidavit, Brem testifies that at the time Love Chrysler sold Ray her 2014 Dodge Ram 1500, the company had not been provided and was not aware of any information on official recalls, testing information, manufacturer communications, internal communications, media reports, or "any unusual or frequent customer complaints or repairs relating to the electronic transmission shifter of the 2014 Dodge Ram 1500." *See* Dkt. No. 8-1, Ex. A, Aff. of Brem. In his affidavit, McCarley effectively corroborates Brem's testimony based on his knowledge as a Service Manager "personally involved in the daily operations of the service department" at Love Chrysler. *See* Dkt. No. 8-1, Ex. B, Aff. of McCarley. Finally, in his affidavit, Royek attests that "in the scope of [his] duties as a Product Analysis Specialist, [he] personally researched" whether any recalls or NHTSA investigations were extant at the time Ray purchased her 2014 Dodge Ram 1500, and states that as of the date Ray purchased this vehicle, no such recalls or investigations had been issued or initiated "relating to the electronic gear shift selector or transmission shift system" in this vehicle. *See* Dkt. No. 8-1, Ex. C, Aff. of Royek.

These affidavits and the article FCA US provides are summary-judgment type evidence that FCA US urges the Court to pierce the pleadings and consider, on the basis that Ray misstated facts in her complaint and motion to remand relating to Love Chrysler's actual knowledge of a defect. Dkt. No. 8 at 14. FCA US particularly focuses on Ray's statements about a recall and investigation of the relevant model, which it describes as misleading. Dkt. No. 8 at 8. FCA US argues that if the Court pierces the pleadings, FCA US can establish the lack of any actual knowledge by Love Chrysler as a discrete and undisputed fact. Dkt. No. 8 at 8-9, 14. Ray, in turn, urges the Court to refuse to pierce the pleadings, arguing that FCA US has not identified any "discrete" fact that could be ascertained through a summary inquiry, and that going beyond the pleadings would require the Court to impermissibly try the merits of her case. Dkt. No. 9 at 2. In support of her argument, Ray cites a host

of remand decisions where district courts have declined to pierce the pleadings so as to avoid reaching merits decisions, Dkt. No. 9 at 3-6, and offers an NHTSA report dated April 1, 2014, relating to a recall of certain models of "2014 Ram 1500 4x4 vehicles," manufactured between January 24, 2014 and February 05, 2014, she argues support her claim that Love Chrysler had actual knowledge of a defect with her vehicle. Dkt. No. 9, Ex. A. In its sur-reply, FCA US argues that this recall does not actually apply to Ray's vehicle or the part she alleges was defective, and that her proffer of this information constitutes an attempt to improperly inject a "new theory of liability" into this litigation after its removal to federal court. *See* Dkt. No. 12-1. In support of this claim FCA US attaches a second affidavit from its Product Specialist Royek, in which he testifies, based on his expertise and knowledge, that the recall Ray cites in her reply does not apply to the 2014 Dodge Ram 1500 she purchased from Dodge Chrysler. Dkt. No. 12-1, Ex. E, Second Aff. of Royek.

The Court considers the conflicting allegations of the parties' pleadings and exhibits here only to the extent required to find they demonstrate substantive fact issues exist between the parties requiring remand of this case. FCA US has brought forth affidavits purporting to foreclose any possibility Love Chrysler may have possessed actual knowledge of a defect with the electronic transmission shifter in Ray's 2014 Dodge Ram 1500. Ray, in turn, argues that FCA US's "'no knowledge of recall or investigation' affidavits go to the merits, not the legal cognizability of [her] claims against Defendant Love Chrysler." Dkt. No. 9 at 5. While the affidavits FCA US proffers are specific and thorough, the Court is unwilling to find that they identify a dispositive "discrete and undisputed fact" misstated in or omitted from Ray's operative pleading that might be disproved through a summary inquiry at this early stage in litigation.

In declining to pierce the pleadings, the Court notes that summary inquiry is appropriate only in "rare" instances. *Lott v. Dutchmen Mfg., Inc.*, 422 F. Supp. 2d 750, 755 (E.D. Tex. 2006). Moreover, "actual knowledge" by a non-manufacturing seller is not typically the kind of "discrete and undisputed fac[t]" summary inquiry is meant to establish. *See Garcia v. Ford Motor Co.*, 2013 WL 12137090, at *6-7

(S.D. Tex. May 10, 2013). Instead, the Fifth Circuit has repeatedly commented that it is facts "that easily can be disproved if not true" which are best suited for summary inquiry. *Smallwood*, 385 F.3d at 574 (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)) (identifying such "discrete and undisputed facts" as: "[T]he in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged[.]")) Accordingly, this Court has in the past rejected the notion that a "general averment" of actual knowledge, of the type Ray alleges in her operative pleading, is a "discrete" factual issue. *See Garcia v. Ford,* 2013 WL 12137090 at *7.

Notably, even if the Court were willing to pierce the pleadings to let FCA US present further summary judgment-type evidence purporting to vitiate every possible argument Ray might make as to recalls or NHTSA investigations applicable to her 2014 Dodge Ram 1500, Ray's allegation that Love Chrysler had actual knowledge of a defect with the vehicle's electronic transmission shifter "by and through its employees" would still stand. Pl.'s Orig. Compl. ¶ 4.5. FCA US's affiants do not discuss employee knowledge in any detail, nor provide any allegation based on personal knowledge as to the actual knowledge of the specific employees who participated in Love Chrysler's sale of the 2014 Dodge Ram 1500 to Ray. Dkt. No. 8-1, Exs. A-C. Therefore, viewing her complaint in the light most favorable to Ray, the Court cannot say there is no possibility she will be able to recover on her negligence claim against Love Chrysler.

In so finding, the Court emphasizes that in an improper joinder analysis, "[t]he Court must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an instate defendant is fraudulent." *Watkins v. General Motors, LLC*, 2011 WL 3567017 at *3 (S.D. Tex. Aug. 12, 2011) (citing *Reynolds v. Ford Motor Co.*, 2004 WL 2870079 at *2 (N.D. Tex. Dec. 13, 2004)); *see also Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.") Additionally, this Court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of [her] claim" against Love Chrysler, but only finds that there

is a "possibility that plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005).

Pursuant to the foregoing analysis, the Court finds that FCA US has not met its "heavy burden" of demonstrating that Love Chrysler was improperly joined in this action. *See Smallwood*, 385 F.3d at 574. Therefore, lacking subject matter jurisdiction over Ray's claims, the Court GRANTS Ray's motion to remand, Dkt. No. 7.

## IV. Conclusion

Pursuant to the foregoing analysis, the Court:

- **GRANTS** Defendant FCA USA L.L.C.'s Motion for Leave to File Sur-Reply, Dkt. No. 12;

- **GRANTS** Plaintiff's Opposed Motion to Remand, Dkt. No. 7; and

- **ORDERS** this suit remanded to the 229th District Court of Duval County, Texas.

SIGNED this 18th day of July, 2017.

Hilda Tagle
Senior United States District Judge